**IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH CAROLINA
ORANGEBURG DIVISION**

| | |
|---|---|
| Antoine Jarmaine China, ) | |
| ) | Civil Action No. 5:15-cv-03728-JMC |
| Plaintiff, ) | |
| ) | |
| v. ) | |
| ) | **ORDER AND OPINION** |
| Ofc. Armet Coles; Sgt. Dustin Mincey; and ) | |
| Warden Fred B. Thompson, ) | |
| ) | |
| Defendants. ) | |
| ) | |

Plaintiff Antoine Jarmaine China ("Plaintiff"), proceeding *pro se*, filed this action ("Complaint," ECF No. 1) pursuant to 42 U.S.C. § 1983 alleging that Defendants Armet Coles, Dustin Mincey, and Fred B. Thompson (hereinafter collectively referred to as "Defendants") used excessive force against Plaintiff in violation of his constitutional rights. (ECF No. 1.) Defendants responded by filing an Answer (ECF No. 29) and a Motion to Dismiss, or in the Alternative, for Summary Judgment. (ECF No. 46.)

In accordance with 28 U.S.C. § 636(b) and Local Civil Rule 73.02, the matter was referred to United States Magistrate Judge Kaymani D. West for pre-trial handling. On December 13, 2016, the Magistrate Judge issued a Report and Recommendation ("Report," ECF No. 56) recommending the court grant Defendants' Motion for Summary Judgment (ECF No. 46), but only to a certain extent. This review considers Defendants' Objections to the Report and Recommendation ("Objections") filed December 28, 2016. (ECF No. 58.) For the reasons set forth herein, the court **ACCEPTS** the Magistrate Judge's Report (ECF No. 56), and **GRANTS** Defendants' Motion for Summary Judgment, but only to the extent Defendants seek dismissal of

1

claims against them stemming from their official capacities, and to the extent that Defendant Thompson is named as a Defendant (ECF No. 46).  Defendants' Motion is otherwise **DENIED**.

## I.     FACTUAL AND PROCEDURAL HISTORY

This court concludes, upon its own careful review of the record, that the Magistrate Judge's factual synopsis is accurate and incorporates it by reference.  This court will thus focus on the facts pertinent to the analysis of Plaintiff's Objections.

Plaintiff is no longer incarcerated within the South Carolina Department of Corrections ("SCDC").[1]  Plaintiff alleges that on October 17, 2012, his roommate flooded his cell in order to get the attention of the Supervisor because Plaintiff believed "[his] life [was] in danger."[2]  (ECF No. 1 at 3.)  In response to the flooding, Plaintiff asserts that Defendants Coles and Mincey sprayed an excessive amount of chemical munitions on his back, after already spraying his cell a few minutes prior, and slammed the cell door on his finger.[3]  (ECF No. 1 at 3.)  Plaintiff also alleges that someone "cut off the water" after Defendant Coles first sprayed chemical munitions into the cell.  (*Id.*)  Plaintiff seeks a jury trial, $500,000.00 in punitive damages from each Defendant, and an additional $500,000.00 settlement, along with an early release from his parole.  (*Id.* at 6.)

On May 20, 2016, Defendants filed a Motion to Dismiss, or in the Alternative, for Summary Judgment ("Motion").  (ECF No. 46.)  Thereafter, the Magistrate Judge sent an Order

---

[1] At the time of the incident, Plaintiff was an inmate at the SCDC Lieber Correctional Institution ("Lieber"). Plaintiff was subsequently transferred to SCDC Lee Correctional Institution ("Lee"). Plaintiff is no longer an inmate in the SCDC and currently resides at 202 Plowden Mill Rd., Sumter, S.C. 29153.  (ECF No. 55.)  On August 10, 2016, Plaintiff filed a Notice of Change of Address.  (*Id.*)

[2] Plaintiff had filed multiple grievances and written letters about his safety concerns.  (ECF No. 1 at 5.)

[3] Plaintiff does not explicitly say that Defendants Coles and Mincey slammed the cell door purposefully on his finger.

on May 23, 2016, pursuant to *Roseboro v. Garrison*, 538 F.2d 309 (4th Cir. 1975), advising Plaintiff of the importance of such motions and the need for him to file an adequate response. (ECF No. 47.) On July, 21, 2016, Plaintiff filed his Response in Opposition (ECF No. 53), and on August 8, 2016, Defendants filed a Reply to Plaintiff's Response (ECF No. 54).

On December 13, 2016, the Magistrate Judge issued a Report, recommending that Defendants' Motion (ECF No. 46), be granted only to the extent that Defendants seek dismissal of claims against them stemming from their official capacities,[4] and to the extent that Defendant Thompson is named as a Defendant. Otherwise, the Magistrate Judge's Report recommended that Defendants' Motion be denied. Although Judge West's Report found that some application of force was needed (ECF No. 56. at 8), the Report questioned the reasonableness of Defendants Coles and Mincey's actions[5] (*id*. at 10), noted that the facts relative to the threat Plaintiff posed were in dispute (*id*. at 10-11), and found that Defendants Coles and Mincey did not appear to have made any attempt to mitigate their chemical munitions usage, and thus use force in good faith (*id*. at 11-12). The Report recommended Defendant Thompson be dismissed as a party to the action, stating "there is simply no proof of personal involvement or knowledge and tacit approval of the other Defendants' action." (*Id*. at 16.) The Report also recommended that Defendants Coles and Mincey not be granted qualified immunity. (*Id*. at 18.) On December 28, 2016, Defendants filed timely Objections to the Report. (ECF No. 58.) Plaintiff did not file objections to the Report.

---

[4] Plaintiff clarified in his Response in Opposition that his §1983 claims were focused on Defendants' actions pursuant to their "individual capacities." (ECF No. 53 at 5.)

[5] Defendant Coles sprayed Plaintiff with 4 grams of chemical munitions from his MK-4 canister. (ECF No. 46-7 at 3.) Defendant Mincey sprayed Plaintiff with 163 grams of chemical munitions from his MK-9 canister. (ECF No. 46-8 at 2.)

3

## II.     LEGAL STANDARD

The Magistrate Judge's Report is made in accordance with 28 U.S.C. § 636(b)(1) and Local Civil Rule 73.02 for the District of South Carolina. "The Court is not bound by the recommendation of the magistrate judge but, instead, retains responsibility for the final determination." *Wallace v. Hous. Auth.*, 791 F. Supp. 137, 138 (D.S.C. 1992) (citing *Matthews v. Weber*, 423 U.S. 261, 271 (1976)). Moreover, the court is charged with making a *de novo* determination of those portions of a report and recommendation to which specific objections are made, and the court may accept, reject, or modify, in whole or in part, a magistrate judge's recommendation or recommit the matter with instructions. *See* 28 U.S.C. § 636(b)(1).

Objections to a Report and Recommendation must specifically identify portions of the Report and the basis for those objections. Fed. R. Civ. P. 72(b). "[I]n the absence of a timely filed objection, a district court need not conduct a *de novo* review, but instead must 'only satisfy itself that there is no clear error on the face of the record in order to accept the recommendation.'" *Diamond v. Colonial Life & Acc. Ins. Co.*, 416 F.3d 310, 316 (4th Cir. 2005) (quoting Fed. R. Civ. P. 72 advisory committee's note). Failure to timely file specific written objections to a Report will result in a waiver of the right to appeal from an order from the court based upon the Report. 28 U.S.C. § 636(b)(1); *Thomas v. Arn*, 474 U.S. 140 (1985); *Wright v. Collins*, 766 F.2d 841 (4th Cir. 1985); *United States v. Schronce*, 727 F.2d 91 (4th Cir. 1984). If the plaintiff fails to properly object because the objections lack the requisite specificity, then *de novo* review by the court is not required.

Additionally, *pro se* filed documents should be "liberally construed," held to a less stringent legal standard than those complaints or proceedings drafted by lawyers. *Erickson v. Pardus*, 551 U.S. 89, 94 (2007) (citing *Estelle v. Gamble*, 429 U.S. 97, 106 (1976)). However,

even liberally construed, objections to a Report must specifically identify portions of the Report and the basis for those objections.  Fed. R. Civ. P. 72(b)(2).

### III.    DISCUSSION

In the absence of Plaintiff's Objections to the Report, the court is not required to provide an explanation for adopting the Report's recommendation in regard to granting Defendants' Motion in the context of claims against Defendants in their official capacities, and to the extent that Defendant Thompson is named as a Defendant.  *See Camby v. Davis*, 718 F.2d 198, 199 (4th Cir. 1983).  Rather, "in the absence of a timely filed objection, a district court need not conduct a de novo review, but instead must 'only satisfy itself that there is not clear error on the face of the record in order to accept the recommendations.'" *Diamond v. Colonial Life & Accident Ins. Co.*, 416 F.3d 310, 315 (4th Cir. 2005) (*quoting* Fed. R. Civ. P. 72 advisory committee's note).  The court concludes that there was no clear error in the Magistrate Judge's Report in regard to its recommendations for Defendant Thompson, and Defendants Coles and Mincey's actions in their official capacities under the Eleventh Amendment.

Here, the court need only address Plaintiff's excessive force accusations against Defendants Coles and Mincey, and determine whether Defendants Coles and Mincey are entitled to qualified immunity.  To state a claim under § 1983, a plaintiff must allege two elements: (1) "the violation of a right secured by the Constitution and laws of the United States" and (2) this violation "was committed by a person acting under color of state law." *West v. Atkins*, 487 U.S. 42, 48 (1988).  To establish a claim of excessive force under the Eighth Amendment, an inmate must show that "the prison official acted with a sufficiently culpable state of mind (subjective component) and ... the deprivation suffered or injury inflicted on the inmate was sufficiently

serious (objective component)." *Iko v. Shreve*, 535 F.3d 225, 238 (4th Cir. 2008).[6] Whether there is an Eighth Amendment violation in the context of a prison disturbance depends upon "whether force was applied in a good-faith effort to maintain or restore discipline, or maliciously and sadistically to cause harm." *Wilkins v. Gaddy*, 559 U.S. 34, 37 (2010). The court finds the Report persuasive, and that the facts, viewed in the light most favorable to Plaintiff, support a finding that Defendants Coles and Mincey violated Plaintiff's constitutional right to be free from excessive force, and as such are not entitled to qualified immunity.

In their Objections, Defendants dispute the Report's denial of summary judgment and qualified immunity for Defendants Coles and Mincey in their individual capacities. (ECF No. 58 at 1.) Defendants use the factors from *Iko v. Shreve*, 535 F.3d 225, 239 (4th Cir. 2008), to explain that Defendants Coles and Mincey's forceful response to Plaintiff's actions was necessary and objectively reasonable. (ECF No. 58 at 2-6.) Defendants refute the Report's assertions in their own *Iko* analysis, stating that: (1) because Plaintiff continued to defy orders after Defendant Coles' initial chemical munitions burst, Defendant Mincey's larger chemical burst was necessary (*id.* at 3); that Plaintiff did pose a threat that needed to be quelled (*id.* at 4), and that because Defendants' presence and verbal commands were ignored, Defendants should be afforded deference in how to "preserve order" (*id.* at 5). Defendants assert that they did not violate Plaintiff's constitutional rights because their use of force was made in a good-faith effort

---

[6] The Fourth Circuit Court of Appeals ("Fourth Circuit") instructed that the following test be used to analyze the subjective component ("wantonness") prong of excessive force allegations: "(1) 'the need for the application of the force'; (2) 'the relationship between the need and the amount of force that was used'; (3) 'the extent of any reasonably perceived threat that the application of force was intended to quell'; and (4) 'any efforts made to temper the severity of a forceful response.'" *Iko v. Shreve*, 535 F.3d 225, 239 (4th Cir. 2008) (quoting *Whitley v. Albers*, 475 U.S. 312, 321 (1986)). To establish the objective component prong, Plaintiff must show "that the alleged wrongdoing is objectively 'harmful enough' to establish a constitutional violation" in the context of "contemporary standards of decency." *Hudson v. McMillian*, 503 U.S. 1, 2 (1992) (quoting *Wilson v. Seiter*, 501 U.S. 294, 303 (1991)).

to restore discipline, as Plaintiff posed a continuous risk to prison officials and other inmates by flooding his cell and refusing to comply with Defendants' verbal directives. (*Id*. at 6-7.)

The court agrees with Defendants that the use of chemical munitions to control an unruly inmate is "far preferable to 'hands on' use of force'" (*id*. at 5), and does not dispute that the use of munitions may have been necessary. A prison official's use of chemical munitions on an inmate to prevent disorder generally does not infringe upon the Eighth Amendment's prohibition against cruel and unusual punishment, as long as the *quantity* of chemical munitions is commensurate with the gravity of the occasion. *Bailey v. Turner*, 736 F.2d 963, 968 (4th Cir. 1984) (italics added). However, whether the use of chemical munitions on an inmate constitutes excessive force depends upon "the totality of the circumstances, the provocation, the amount of gas used, and the purposes for which the gas was used." *Id*. at 969. The court finds that there exists a genuine issue of material fact as to whether the application of an additional 163 grams of chemical munitions, after Plaintiff had already been sprayed shortly before, was a quantity greater than necessary.[7]

In regard to the threat posed by Plaintiff, a genuine issue of material fact exists. Plaintiff and Defendants' accounts diverge widely on this issue, with Plaintiff asserting "no one conduct was out of control" [sic] (ECF No. 53 at 8), while Defendants assert Plaintiff threatened to "bust out" (ECF No. 46-1 at 2) and that Plaintiff "rushed the cell door" (*id*. at 3). There is no dispute that Plaintiff's cell had flooded. On a motion for summary judgment, the court is required to view the facts and inferences in a light most favorable to the non-moving party (Plaintiff). *See Anderson v. Liberty Lobby, Inc*. 477 U.S. 242, 255 (1986). Though the court finds that a

---

[7] The Report notes that cases before this court have found the usage of chemical munitions acceptable up to 33.5 grams. (ECF No. 56 at 8.) Though Defendants simply refer to Defendant Mincey's second burst of munitions as "larger" then Defendant Coles' burst, the second burst was larger by a factor of 40.

7

flooding cell poses a threat, there is a dispute as to whether the water was indeed cut off from the cell before Plaintiff was sprayed a second time. Though Defendants assert that there is "no evidence to support Plaintiff's claim that the water had been shut off" (ECF No. 58 at 3), if the water had indeed been shut off by Defendants, that could have helped mitigate the threat, and afforded Defendants an opportunity to reduce the severity of their subsequent response.

The court finds that Plaintiff suffered a sufficient injury to satisfy *Iko's* objective prong. The court also finds that Plaintiff has demonstrated Defendants Coles and Mincey's actions satisfy *Iko's* subjective prong. Viewing the facts in the light most favorable to Plaintiff, Defendants Coles and Mincey's conduct violated Plaintiff's Eighth Amendment protection against excessive force. Furthermore, Plaintiff's constitutional right was clearly established at the time of Defendants' conduct. The court concludes that Defendants Coles and Mincey are not entitled to qualified immunity.

## IV.     CONCLUSION

Based on the aforementioned reasons and a thorough review of the Report and the record in this case, the court **ACCEPTS** the Magistrate Judge's Report (ECF No. 56), and **GRANTS** Defendants' Motion for Summary Judgment (ECF No. 46) only to the extent Defendants seek dismissal of claims against them stemming from their official capacities, and to the extent that Defendant Thompson is named as a Defendant. Defendants' Motion is otherwise **DENIED**.

**IT IS SO ORDERED.**

*J. Michelle Childs*
United States District Judge

March 31, 2017
Columbia, South Carolina

8