UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH CAROLINA
ORANGEBURG DIVISION

| | |
|---|---|
| Antoine Jermaine China, ) | Civil Action No. 5:15-cv-03728-JMC |
| ) | |
| Plaintiff, ) | |
| v. ) | |
| ) | **ORDER AND OPINION** |
| Ofc. Armet Coles; Sgt. Dustin Mincey; and ) | |
| Warden Fred B. Thompson, ) | |
| ) | |
| Defendants. ) | |
| _____ ) | |

Plaintiff Antoine Jarmaine China ("Plaintiff") filed this civil rights action against Defendants Ofc. Armet Coles, Sgt. Dustin Mincey (together "Defendants"), and Warden Fred B. Thompson pursuant to 42 U.S.C. § 1983 alleging that Defendants used excessive force against Plaintiff in violation of his constitutional rights. (ECF No. 1.)

This matter is before the court on Defendants' Motion for Reconsideration of the court's Order entered on March 31, 2017 (the "March Order"), pursuant to Rule 59(e) of the Federal Rules of Civil Procedure. (ECF No. 67.) Specifically, Defendants seek reconsideration of the court's decision in the March Order (ECF No. 62) to deny Defendants' Motion for Summary Judgment (ECF No. 56) as to qualified immunity and Plaintiff's claim for excessive force. (ECF No. 67 at 1.) Plaintiff opposes Defendants' Motion for Reconsideration asserting that they fail to meet the standard for reconsideration. (ECF No. 75 at 1.) For the reasons stated below, the court **DENIES** Defendants' Motion for Reconsideration.

### I.    LEGAL STANDARD AND ANALYSIS[1]

In the March Order, the court made the following observations in denying Defendants summary judgment on qualified immunity and Plaintiff's excessive force claim:

---

[1] The March Order contains a thorough recitation of the relevant factual and procedural background of the matter and is incorporated herein by reference. (See ECF No. 62 at 2–3.)

In their Objections, Defendants dispute the Report's denial of summary judgment and qualified immunity for Defendants Coles and Mincey in their individual capacities. (ECF No. 58 at 1.) Defendants use the factors from *Iko v. Shreve*, 535 F.3d 225, 239 (4th Cir. 2008), to explain that Defendants Coles and Mincey's forceful response to Plaintiff's actions was necessary and objectively reasonable. (ECF No. 58 at 2-6.) Defendants refute the Report's assertions in their own *Iko* analysis, stating that: (1) because Plaintiff continued to defy orders after Defendant Coles' initial chemical munitions burst, Defendant Mincey's larger chemical burst was necessary (*id.* at 3); that Plaintiff did pose a threat that needed to be quelled (*id.* at 4), and that because Defendants' presence and verbal commands were ignored, Defendants should be afforded deference in how to "preserve order" (*id.* at 5). Defendants assert that they did not violate Plaintiff's constitutional rights because their use of force was made in a good-faith effort to restore discipline, as Plaintiff posed a continuous risk to prison officials and other inmates by flooding his cell and refusing to comply with Defendants' verbal directives. (*Id.* at 6-7.)

The court agrees with Defendants that the use of chemical munitions to control an unruly inmate is "far preferable to 'hands on' use of force'" (*id.* at 5), and does not dispute that the use of munitions may have been necessary. A prison official's use of chemical munitions on an inmate to prevent disorder generally does not infringe upon the Eighth Amendment's prohibition against cruel and unusual punishment, as long as the *quantity* of chemical munitions is commensurate with the gravity of the occasion. *Bailey v. Turner*, 736 F.2d 963, 968 (4th Cir. 1984) (italics added). However, whether the use of chemical munitions on an inmate constitutes excessive force depends upon "the totality of the circumstances, the provocation, the amount of gas used, and the purposes for which the gas was used." *Id.* at 969. The court finds that there exists a genuine issue of material fact as to whether the application of an additional 163 grams of chemical munitions, after Plaintiff had already been sprayed shortly before, was a quantity greater than necessary.[2]

In regard to the threat posed by Plaintiff, a genuine issue of material fact exists. Plaintiff and Defendants' accounts diverge widely on this issue, with Plaintiff asserting "no one conduct was out of control" [sic] (ECF No. 53 at 8), while Defendants assert Plaintiff threatened to "bust out" (ECF No. 46-1 at 2) and that Plaintiff "rushed the cell door" (*id.* at 3). There is no dispute that Plaintiff's cell had flooded. On a motion for summary judgment, the court is required to view the facts and inferences in a light most favorable to the non-moving party (Plaintiff). *See Anderson v. Liberty Lobby, Inc.* 477 U.S. 242, 255 (1986). Though the court finds that a flooding cell poses a threat, there is a dispute as to whether the water was indeed cut off from the cell before Plaintiff was sprayed a

---

[2] The Report notes that cases before this court have found the usage of chemical munitions acceptable up to 33.5 grams. (ECF No. 56 at 8.) Though Defendants simply refer to Defendant Mincey's second burst of munitions as "larger" then Defendant Coles' burst, the second burst was larger by a factor of 40.

second time. Though Defendants assert that there is "no evidence to support Plaintiff's claim that the water had been shut off" (ECF No. 58 at 3), if the water had indeed been shut off by Defendants, that could have helped mitigate the threat, and afforded Defendants an opportunity to reduce the severity of their subsequent response.

> The court finds that Plaintiff suffered a sufficient injury to satisfy *Iko's* objective prong. The court also finds that Plaintiff has demonstrated Defendants Coles and Mincey's actions satisfy *Iko's* subjective prong. Viewing the facts in the light most favorable to Plaintiff, Defendants Coles and Mincey's conduct violated Plaintiff's Eighth Amendment protection against excessive force. Furthermore, Plaintiff's constitutional right was clearly established at the time of Defendants' conduct. The court concludes that Defendants Coles and Mincey are not entitled to qualified immunity.

(ECF No. 62 at 6–8.) Defendants seek reconsideration of the foregoing pursuant to Rule 59(e).

A.    <u>Applicable Standard under Rule[3] 59(e)</u>

Rule 59 allows a party to seek an alteration or amendment of a previous order of the court. Fed. R. Civ. P. 59(e). Under Rule 59(e), a court may "alter or amend the judgment if the movant shows either (1) an intervening change in the controlling law, (2) new evidence that was not available at trial, or (3) that there has been a clear error of law or a manifest injustice." <u>Robinson v. Wix Filtration Corp.</u>, 599 F.3d 403, 407 (4th Cir. 2010); <u>see also</u> <u>Collison v. Int'l Chem. Workers Union</u>, 34 F.3d 233, 235 (4th Cir. 1994). It is the moving party's burden to establish one of these three grounds in order to obtain relief. <u>Loren Data Corp. v. GXS, Inc.</u>, 501 F. App'x 275, 285 (4th Cir. 2012). The decision whether to reconsider an order under Rule 59(e) is within the sound discretion of the district court. <u>Hughes v. Bedsole</u>, 48 F.3d 1376, 1382 (4th Cir. 1995). A motion to reconsider should not be used as a "vehicle for rearguing the law, raising new arguments, or petitioning a court to change its mind." <u>Lyles v. Reynolds</u>, C/A No. 4:14-1063-TMC, 2016 WL 1427324, at *1 (D.S.C. Apr. 12, 2016) (citing <u>Exxon Shipping Co. v. Baker</u>, 554 U.S. 471, 485 n.5 (2008)).

---

[3] The court observes that "rule" refers to the Federal Rules of Civil Procedure.

B.     The Parties' Arguments

In their Motion, Defendants first argue that Coles is entitled to reconsideration because his application of force through the use of chemical munitions was not excessive. (ECF No. 67 at 1.) In support of their argument regarding Coles, Defendants assert that because the court "does not dispute that the use of munitions may have been necessary" (see ECF No. 62 at 7), its decision to deny Coles summary judgment on qualified immunity and Plaintiff's excessive force claim is erroneous due to the amount of munition deployed by Coles. (ECF No. 67 at 2.) More specifically, Defendants assert that Coles' use of 4 grams of munition does not amount to either excessive force or a violation of Plaintiff's clearly established rights. (Id. at 1–2 (citing Bailey v. Turner, 736 F.2d 963, 969 (4th Cir. 1984) (observing that excessive force analysis based on the use of chemical munitions focuses on "the totality of the circumstances, the provocation, the amount of gas used, and the purposes for which the gas was used.")) & 6.) Accordingly, Defendants request that the court "reconsider its decision and grant Defendant Coles summary judgment on Plaintiff's excessive force claim, or, in the alternative, qualified immunity." (Id. at 2.)

Defendants next argue that even though "Mincey's use of force was (a) subsequent to Defendant Coles' and (b) was larger by a factor of 40" (ECF No. 67 at 2), "there was no clear legal precedent" such that Mincey "would have been reasonably put on notice" that the deployment of 163 grams of chemical munition into Plaintiff's cell was in violation of his clearly established rights. (Id. at 4.) Additionally, Defendants observe that any argument that the deployment of 163 grams was excessive is mitigated by the nonexistence of supporting medical documentation demonstrating injury to Plaintiff. (Id. at 4–5.)

Plaintiff opposes the Motion to Reconsider arguing that Defendants have failed to suggest

4

an appropriate basis for granting relief under Rule 59(e) and their Motion only "rehash[es] issues already ruled upon" by the court. (ECF No. 75 at 2.) In this regard, Plaintiff asserts that the court correctly found that the facts viewed in the light most favorable to Plaintiff support a finding that "Defendants violated Plaintiff's constitutional rights and are not entitled to qualified immunity." (Id. at 3.) Therefore, in light of the aforementioned factual dispute, Plaintiff asserts that the court correctly denied summary judgment and should further deny Defendants' Motion to Reconsider. (Id. at 3 & 5.)

C. The Court's Review

In their Motion, Defendants did not make any arguments for reconsideration referencing either an intervening change in controlling law or new evidence previously unavailable. Therefore, the court construes Defendants' Motion as seeking reconsideration on the basis that it would be an error of law or manifest injustice if the court failed to reverse its decision denying Defendants' Motion for Summary Judgment as to qualified immunity and/or on Plaintiff's claim for excessive force.

   *1. Excessive Force*

In the March Order (ECF No. 62), the court found a violation of Plaintiff's Eighth Amendment right to be free from excessive force after analyzing both the subjective and objective components required by the Fourth Circuit in Iko v. Shreve, 535 F.3d 225, 238–39 (4th Cir. 2008). (ECF No. 62 at 5–8.) Defendants seek reconsideration of this decision asserting that they did not use excessive force against Plaintiff in violation of the Eighth Amendment because (1) the court agreed that the "use of munitions may have been necessary" (ECF No. 67 at 2 (citing ECF No. 62 at 7)) and (2) Defendants' actions were "objectively reasonable under the circumstances of which . . . [they were] aware." (Id. at 2 & 5.) In considering the latter second

5

point, the court finds that it does not demonstrate the need for reconsideration because it is a summation of arguments already ruled upon. As to the former first issue, the court reviewed its analysis of the Iko factors in the March Order and concluded that the decision denying summary judgment on Plaintiff's excessive force claim did not result in the commission of either clear error or manifest injustice.[4] As a result, the court declines to reconsider its determination that Defendants were not entitled to summary judgment on Plaintiff's claim for excessive force.

   *2. Qualified Immunity*

Defendants seek reconsideration of the March Order on the basis that they were entitled to qualified immunity on the excessive force claim. Qualified immunity offers complete protection "from liability for civil damages" for government officials sued in their individual capacities as long as "their conduct does not violate clearly established statutory or constitutional rights of which a reasonable person would have known." Harlow v. Fitzgerald, 457 U.S. 800, 818 (1982). For qualified immunity to attach to a defendant, either the facts viewed in the light most favorable to the plaintiff fail to demonstrate the violation of a protected constitutional right and/or the right was not clearly established at the time of the violation.[5] Tolan v. Cotton, ___

---

[4] Clear error occurs when the reviewing court "is left with the definite and firm conviction that a mistake has been committed." United States v. Harvey, 532 F.3d 326, 336 (4th Cir. 2008) (internal quotation marks omitted); see also United States v. Martinez–Melgar, 591 F.3d 733, 738 (4th Cir. 2010) ("[C]lear error occurs when a district court's factual findings are against the clear weight of the evidence considered as a whole.") (internal quotation marks omitted); Miller v. Mercy Hosp., Inc., 720 F.2d 356, 361 n.5 (4th Cir. 1983) (explaining that a district court's factual finding is clearly erroneous if "the finding is against the great preponderance of the evidence") (internal quotation marks omitted). Manifest injustice occurs where the court "has patently misunderstood a party, or has made a decision outside the adversarial issues presented to the Court by the parties, or has made an error not of reasoning but of apprehension . . . ." Campero USA Corp. v. ADS Foodservice, LLC, 916 F. Supp. 2d 1284, 1292–93 (S.D. Fla. 2012) (citations omitted).

[5] "In resolving questions of qualified immunity at summary judgment, courts engage in a two-pronged inquiry." Tolan v. Cotton, ___ U.S. ____, 134 S. Ct. 1861, 1865 (2014). "The first asks whether the facts, '[t]aken in the light most favorable to the party asserting the injury, . . . show the officer's conduct violated a [federal] right[.]'" Id. (quoting Saucier v. Katz, 533 U.S. 194,

U.S. \_\_\_\_, 134 S. Ct. 1861, 1865–66 (2014). In the instant matter, once the court determined that Plaintiff's Eighth Amendment excessive force claim would survive summary judgment, Defendants' entitlement to qualified immunity depended on whether the constitutional right was "clearly established" at the time of the events at issue. "Officials' actions violate a 'clearly established' constitutional right only if, 'in the light of preexisting law[,] the unlawfulness' of the actions is apparent." Iko, 535 F.3d at 237–38 (quoting Anderson v. Creighton, 483 U.S. 635, 640, (1987)). Only cases from the South Carolina Supreme Court, the United States Supreme Court, or the Fourth Circuit can clearly establish the law. Booker v. S.C. Dep't of Corrs., 855 F.3d 533, 538 (4th Cir. 2017) (citing Owens ex rel. Owens v. Lott, 372 F.3d 267, 279 (4th Cir. 2004)). "But when 'there are no such decisions from courts of controlling authority, we may look to 'a consensus of cases of persuasive authority' from other jurisdictions, if such exists.'" Id. (citing Owens, 372 F.3d at 280).

Clearly, Plaintiff had a constitutional right to be free from receiving an excessive discharge of chemical munitions at the time of the alleged incident. See Williams v. Benjamin, 77 F.3d 756, 763 (4th Cir. 1996) ("It is generally recognized that 'it is a violation of the Eighth Amendment for prison officials to use mace, tear gas or other chemical agents in quantities greater than necessary or for the sole purpose of infliction of pain.'") (quoting Soto v. Dickey, 744 F.2d 1260, 1270 (7th Cir. 1984)). However, Defendants contend that they are entitled to qualified immunity because they did not have fair warning in October 2012 that the usage of either 4 grams or 163 grams of chemical munitions violated Plaintiff's rights. In this regard,

---

201 (2001)). "The second prong of the qualified-immunity analysis asks whether the right in question was 'clearly established' at the time of the violation." Id. at 1866 (citing Hope v. Pelzer, 536 U.S. 730, 739 (2002)). For the second prong, "'the salient question . . . is whether the state of the law' at the time of an incident provided 'fair warning' to the defendants 'that their alleged conduct was unconstitutional.'" Id. (quoting Hope, 536 U.S. at 741). "Courts have discretion to decide the order in which to engage these two prongs." Id. (citing Pearson v. Callahan, 555 U.S. 223, 236 (2009).

Defendants assert that "opinions regarding constitutionally excessively quantities of chemical munition post-dated the circumstances facing these officers by almost a year and, as such, they could not have been aware of this legal construct of the line between use of force to maintain order and discipline, and that of using force for the very purpose of causing harm." (ECF No. 76 at 2.)

In considering Defendants' contention, the court observes that it only located one appellate-level decision that discusses discharge amounts for chemical munitions in the context of excessiveness. In Williams v. Benjamin, the Court of Appeals for the Fourth Circuit reversed the district court's grant of summary judgment to defendant officers on an Eighth Amendment claim in a situation where the inmate was sprayed with 5.5 grams of mace and was not allowed to wash it off for 8 hours. 77 F.3d at 764–68. Additionally, the Fourth Circuit acknowledged the following: (1) research demonstrating that 6 grams of mace was lethal in animal studies and tear gas was lethal in the confines of a small cell, see Williams v. Benjamin, 77 F.3d at 764 (citing John B. Sullivan, Jr. & Gary R. Krieger, Hazardous Materials Toxicology 999 (1992); Spain v. Procunier, 600 F.2d 189, 194 (9th Cir. 1979) (pharmacological expert testified that "tear gas can be lethal in the confines of a small cell"); Howard Hu & Preston Reynolds, Tear Gas—Harassing Agent or Toxic Chemical Weapon, 262 JAMA 660 (1989)); and (2) discrepancies in facts as to which type of chemical munition was used are not dispositive. Iko, 535 F.3d at 240 ("Lt. Shreve attempts to distinguish Williams on the grounds that it involved the use of mace, not pepper spray. Williams's use of 'or other chemical agents,' id., plainly reaches the use of pepper spray, and evinces the principle that '[c]learly established' . . . includes not only already specifically adjudicated rights, but those manifestly included within more general applications of the core constitutional principle invoked.'") (citing Pritchett v. Alford, 973 F.2d 307, 314 (4th Cir. 1992).

Upon consideration of the aforementioned, the court concludes that even in October of 2012, Fourth Circuit law provided a fair warning to correctional officers that the use of an amount of chemical munitions as small as 5.5 grams could constitute excessive force depending on "the totality of the circumstances." Bailey v. Turner, 736 F.2d 963, 968 (4th Cir. 1984); cf. Johnson v. Breeden, 280 F.3d 1308, 1317 (11th Cir. 2002) ("[I]f the evidence at the summary judgment stage, viewed in the light most favorable to the plaintiff, shows there are facts that are inconsistent with qualified immunity being granted, the case and the qualified immunity issue along with it will proceed to trial."). Therefore, even though it acknowledged in the March Order that some amount "of munitions may have been necessary," the court nevertheless could and did determine that the facts viewed in the light most favorable to Plaintiff did not support awarding summary judgment to Defendants on qualified immunity grounds. After considering the parties' arguments on reconsideration, the court finds that it did not commit clear error or manifest injustice in reaching this decision. Accordingly, Defendants' Motion for Reconsideration as to qualified immunity is **DENIED**.

## II. CONCLUSION

For the foregoing reasons, the court **DENIES** Defendants' Motion for Reconsideration of the Order entered on March 31, 2017. (ECF No. 67.)

**IT IS SO ORDERED.**

*J. Michelle Childs*
United States District Judge

July 12, 2017
Columbia, South Carolina

9